W. M. BENNETT V. STATE.

No. 30,957. December 16, 1959.
Motion for Rehearing Overruled January 13, 1960.

*William Lawrence Scarborough,* Corpus Christi, for appellant, on appeal only.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is aggravated assault; the punishment, thirty days in jail and a fine of $250.00.

Our prior opinion is withdrawn.

Employees of Emmord's Boat Barn called Mrs. Powless, wife of the injured party, and instructed her to have her husband come and get his boat because Hurricane Ella was due to arrive in Corpus Christi that night and they did not have sufficient facilities to protect it. After Powless got off work he, his wife and son drove to the Emmord's Boat Barn and he was in the act of draining the water out of his boat when appellant drove up. Appellant was a nightwatchman who was employed by Emmord's Boat Barn, as well as many other establishments, to patrol their premises during the hours when they were closed.

As to what transpired thereafter, there was a conflict in the evidence. Powless and his wife testified that they did not know appellant and that at no time did he tell them that he was employed as a nightwatchman but merely informed them that they were not going to get the boat, that when Powless asserted his intention of taking his boat, appellant struck at him with a blackjack, and that when Powless warded off the blow appellant shot him in the groin. As to appellant's refusal to call an ambulance after Powless was shot, the Powlesses were corroborated by another witness who arrived upon the scene after the shoot-

ing. It was also shown that after the shooting appellant went to another business establishment, called the owner aside, told him that he had shot a man and hid his pistol in a desk drawer.

Appellant testified that he made his identity known to Powless, that Powless seemed to be intoxicated and angry, and slashed at appellant with a knife prior to the shooting. A witness corroborated appellant's testimony that Powless was advancing upon appellant prior to the shooting.

This case was tried without the intervention of a jury, and the court who heard the witnesses resolved the conflict in their testimony against appellant.

Appellant's bill of exception set forth that he had been tried once before in this case and his punishment was by a jury assessed at six months in jail and a fine of $500.00, and that thereafter the same judge who heard this present trial granted his motion for new trial and upon this trial assessed the punishment hereinabove shown. If we properly understand the contention presented by this bill, it is that the trial court did not consider "the self defense angle" and found appellant guilty because of his prior knowledge of the case and that there is a fatal variance between the allegation and the proof. The record does not support such a contention and the same is overruled.

Finding the facts sufficient to support the verdict and no reversible error appearing, the judgment is affirmed.